IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

VANNESSA LYNN ROBERTSON, )
                          )
    Plaintiff,             )
                           )
v.                         )    Case No. CIV-15-172-D
                           )
SHERIFF SCOTT JAY; and     )
CAPTAIN DIANA[1] BILBO,    )
                           )
    Defendants.            )

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, initiated the present action under 42 U.S.C. § 1983 alleging Defendants violated her constitutional rights. Doc. 1. United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Defendants filed the court-ordered Special Report, Doc. 28,[2]

---

[1] Defendants notified the court that Ms. Bilbo's name is spelled "Diana" rather than "Dana." Doc. 21.

[2] The undersigned gave Defendants two separate extensions to file the Special Report. Docs. 24, 26. Rather than using that time to narrow the Special Report to relevant issues and exhibits, Defendants presented the Beckham County Detention Center's (BCDC) report with what appears to contain every document ever associated with Plaintiff. For example, the Special Report's first exhibit is 129 pages long and contains a plethora of unorganized, duplicative, and irrelevant documents relating to Plaintiff. Doc. 28, Ex. 1. Officials then attached forty-six pages relating to Plaintiff's criminal case, which is not relevant to this case. *Id.* Ex. 2. Officials also attached numerous irrelevant policies. *Id.* Exs. 12-18. This shotgun

and a motion to dismiss and/or motion for summary judgment, Doc. 29, and Plaintiff did not respond. The undersigned recommends the court grant Defendants' motion for summary judgment based on nonexhaustion of administrative remedies.[3]

I. **The complaint's construction and Plaintiff's claims.**

From 2013-2014, Plaintiff was housed at BCDC on three occasions. Doc. 28, Ex. 1, at 123.[4] She claims that while housed at the detention center: (1) she heard harassing and obscene language from men housed in a nearby pod; (2) officials denied her access to a law library; and (3) officials gave men and women "shared" jumpsuits and did not provide her or other women with undergarments, so she had to expose her breasts when she removed her jumpsuit to use the bathroom and women would "bleed through jumpsuits during menstrual cycles." Doc. 1, at 3-5. In much more general allegations, Plaintiff claims BCDC: (1) placed all women in general population with no protection from "women with mental health issues"; (2) did not provide

---

approach places a greater burden on the court, and the undersigned cautions BCDC and Defendants not to repeat such practices in the future.

[3] With this recommendation, the undersigned elects not to address Defendants' remaining arguments for dismissal and/or summary judgment.

[4] All page citations refer to this Court's CM/ECF pagination.

2

individual razors for shaving; (3) failed to wash laundry "on a daily basis"; (4) did not provide on-site medical staff; (5) allowed females to be exposed to opposite-sex employees; and (6) failed to provide cleaning supplies "every day." *Id.* at 4-6.

Plaintiff seeks monetary and declaratory relief, *id.* at 7, but it is not clear in what capacity she sues Defendants. The undersigned joins Defendants in liberally construing the complaint to include both official and individual capacity claims.

## II. Defendants' motion for summary judgment.

Defendants seek summary judgment on grounds Plaintiff failed to exhaust her administrative remedies. Doc. 29, at 23-25.[5] The undersigned agrees summary judgment is warranted.

---

[5] Defendants present their argument as a request for dismissal but they rely on evidence outside the complaint. Doc. 29, at 23, 25. So, their motion is really one for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion [to dismiss], matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Because Defendants submitted their motion to dismiss as alternatively a motion for summary judgment, and relied on outside evidence, the undersigned finds that Plaintiff had due notice that the court could treat the motion as one for summary judgment. *See Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir. 2006) (holding plaintiff had "adequate notice" the court could treat defendant's motion as one for summary judgment where "the title of [defendant's] motion stated it . . . was a motion to dismiss or, alternatively, a motion for summary judgment, and it included evidentiary materials outside of the complaint").

A.  **Standard for summary judgment.**

The court shall grant summary judgment "if [Defendants show] that there is no genuine dispute as to any material fact and [Defendants are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering Defendants' motion, the court views the facts and inferences drawn from the record "in the light most favorable" to Plaintiff. *See Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006) (citation omitted). Because Plaintiff signed her complaint under penalty of perjury, Doc. 1, at 7, 8, the court may consider it an affidavit for purposes of summary judgment. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010).

B.  **Analysis.**

1.  **The exhaustion requirement.**

The Prison Litigation Reform Act of 1995 (PLRA) requires a prisoner to exhaust all available administrative remedies before resorting to an action in federal court:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."

4

*Jones v. Bock*, 549 U.S. 199, 211 (2007). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust [her] administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

### 2. The administrative grievance procedures.

To exhaust a claim under the BCDC's grievance procedures, Plaintiff was first required to attempt informal resolution with a staff member. Doc. 28, Ex. 25, at 1. If that attempt was unsuccessful, Plaintiff could then file an Inmate Request for Medical/Grievance Form. *Id.* And, if she remained dissatisfied, Plaintiff had the opportunity to appeal, first to the Jail Administrator, and finally, to the Sherriff. *Id.*; *see also id.* Ex. 5, at 2.

### 3. The evidence.

Defendants present evidence that Plaintiff never filed a grievance appeal to the Sherriff and so never completed the exhaustion process. Doc. 28, Ex. 5, at 2-3; Doc. 29, at 25. Plaintiff did not respond, but in her verified complaint, she states she exhausted her grievance remedies "to the Jail Administrator on September 4, 2014," and because she was transferred five days later, she is "not sure of the results or any changes." Doc. 1, at 7. Defendants do not provide Plaintiff's September 4, 2014, grievance – assuming it exists – but do provide a grievance Plaintiff filed on September 5,

5

2014, asking for copies of her September 3rd, 4th and 5th grievances. Doc. 28, Ex. 1, at 96. For summary judgment purposes, the undersigned assumes Plaintiff filed those grievances, they included all the relevant issues, and she appealed to the Jail Administrator as she states. *See Burke*, 462 F.3d at 1258. Regardless, Plaintiff did not appeal to the final authority, Doc. 28, Ex. 5, at 2-3, and although officials transferred Plaintiff during the exhaustion process, the undersigned finds Plaintiff's own conduct is responsible for her incomplete exhaustion.

First, officials transferred Plaintiff from BCDC to an Oklahoma Department of Correction's center. Doc. 28, Ex. 1, at 38; *see also* Doc. 1, at 8 (Plaintiff's signature executed at the Eddie Warrior Correctional Center). Plaintiff offers no explanation for her failure to follow up on her grievances to the BCDC Jail Administrator once at her new prison. *See Brewer v. Gilroy*, __ F. App'x __, No. 15-7027, 2015 WL 5106273, at *3 (10th Cir. Sept. 1, 2015) (affirming the district court's dismissal for nonexhaustion of administrative remedies where "the administrative grievance process appears to have been available" at both facilities where prisoner was housed); *Gonyea v. Mink*, 206 F. App'x 745, 747 (10th Cir. 2006) (holding inmate's transfer did not render his administrative remedies unavailable because: "Mr. Gonyea could have filed a grievance with the JCDF from the Arapahoe County Jail to which he

was transferred, complaining in that grievance that he had been prevented by the JCDF from filing earlier."); *Lewis v. Garfield Cnty. Jail*, No. CIV-13-1265-M, 2015 WL 4644774, at *1 (W.D. Okla. Aug. 4, 2015) (unpublished order) (granting Defendants' motion for summary judgment based on nonexhaustion of administrative remedies based on evidence the county sheriff "never received any appeals of any grievances from Plaintiff" and finding "no evidence in the record or contention by Plaintiff that he attempted to exhaust his administrative remedies [on] his [Garfield County Jail]-related claims after he was transferred into the custody of the Oklahoma Department of Corrections").

Second, Plaintiff delayed her grievances to the Jail Administrator. That is, by September 3, 2014, the earliest grievance date she references in her September 5, 2014, grievance, Plaintiff had already been at BCDC for seventy-five days: (1) hearing harassing and obscene language; (2) without undergarments; (3) housed in general population; (4) without an individual razor; (5) without daily laundry service; (6) without on-site medical staff; (7) with the potential for women to "bleed through jumpsuits during menstrual cycles"; (6) with exposure to opposite-sex employees; and (7) without daily

7

cleaning supplies.[6] And, officials had denied Plaintiff access to the law library in July 2014, Doc. 1, at 3, one-to-two months before September 3, 2014. Further, Plaintiff knew her Judgment and Sentences had been filed and officials would transfer her thereafter. Doc. 28, Ex. 1 at 96 (requesting grievance copies and stating "With my J&S's being filed I don't know when I'll pull I'll like copies for my record."). So, Plaintiff knew she was experiencing allegedly unconstitutional conduct for months yet she waited until her Judgment and Sentences had been filed to grieve to the Jail Administrator. Under such circumstances, the court should find Plaintiff is responsible for her own failure to complete the exhaustion process and should grant Defendants' summary judgment motion. *See Figueroa v. Dep't of Corr.*, CIV-10-760-M, 2012 WL 1072215, at *4-5 (W.D. Okla. Mar. 8, 2012) (unpublished magistrate judge recommendation) (granting defendants' motion for summary judgment and rejecting plaintiff's argument she had no available administrative remedies after she was release from confinement during the exhaustion process because plaintiff had waited so long to file her first grievance and thus: "Plaintiff's inaction, not the lack of access to the Grievance Process, is the reason for her failure to exhaust administrative

---

[6] For these general allegations, Plaintiff provides no specific dates. However, the complaint's tone suggests that Plaintiff began experiencing these alleged violations immediately upon incarceration.

remedies."), *adopted*, 2012 WL 1292523 (W.D. Okla. Mar. 30, 2012) (unpublished order), *aff'd*, 501 F. App'x 746 (10th Cir. 2012); *see also Hill v. Epps*, 169 F. App'x 199, 200-01 (5th Cir. 2006) (holding prisoner's "subsequent transfer to a private prison facility does not excuse his failure to exhaust" because his "complaint concerns an eight-month period during which time he was allegedly denied sanitary living conditions and medical care," and he "was aware of the basis for his grievance during that time period but did not utilize the administrative remedies available" (cited with approval by *Figueroa*, 2012 WL 1072215, at *5)).

In sum, the evidence establishes Plaintiff did not complete the exhaustion process and the undersigned finds that Plaintiff is responsible for the shortcoming. So, the court should grant Defendants' motion for summary judgment.

## III. Recommendation and notice of right to object.

Plaintiff did not completely exhaust her administrative remedies and the court should grant Defendants' motion for summary judgment.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by December 7, 2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely

objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the referral in the present case.

ENTERED this 17th day of November, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE